UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>JUDAH CONRAD WAINSCOAT,<br><br>Defendant. | 4:20-CR-40096-KES<br><br>ORDER OF DETENTION |

This matter came before the court on a petition to revoke supervised release on January 30, 2023. The defendant appeared in person and by his counsel, the Assistant Federal Public Defender. The United States appeared by the Assistant United States Attorney.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f)(1) & (2), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending the revocation hearing in this case.

### Part I - Findings of Fact

[X] (1)   There is a serious risk that the defendant will not appear.

[X] (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that credible testimony and information submitted at the hearing establishes that the defendant is charged in a petition to revoke supervised release with violating the conditions of his supervision by using methamphetamine seven times, violating state law by committing the offenses of possession of a controlled substance and possession of drug paraphernalia, by failing to participate in two different cognitive behavioral programs, and by failing to report to his probation officer on three occasions.

Under Fed. R. Crim. P. 32.1 and 46(d), the defendant has the burden of proving that he will not flee nor pose a danger to any other person in the community. The defendant has not carried that burden. Based upon the allegations in the petition and the entire record herein, I find that there is no condition or combination of conditions of release that will reasonably assure the safety of the community or the defendant's presence at further proceedings in this matter.

In reaching this decision, the court has considered:

(1)   the nature and circumstances of the offense charged;

(2)   the weight of the evidence against the defendant;

(3)   the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record;

(4)   the nature and seriousness of the danger posed to other persons in the community if defendant were to be released; and

(5)   the rebuttable presumption arising under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a).

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 30th day of January, 2023.

BY THE COURT:

*Veronica L. Duffy* (signature)
VERONICA L. DUFFY
United States Magistrate Judge